**B1 (Official Form 1) (12/11)**

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| **EASTERN** DISTRICT OF *NORTH CAROLINA* | |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| *BYRD, DARRELL LEE* | *BYRD, VICKY SUE* |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): *dba Creative Images* | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): *NONE* |
|---|---|

| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): *1204* | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): *4751* |
|---|---|

| Street Address of Debtor (No. & Street, City, and State): *132 Kemberly Court* *Jacksonville, NC*    ZIPCODE *28540* | Street Address of Joint Debtor (No. & Street, City, and State): *132 Kemberly Court* *Jacksonville, NC*    ZIPCODE *28540* |
|---|---|

| County of Residence or of the Principal Place of Business: *Onslow* | County of Residence or of the Principal Place of Business: *Onslow* |
|---|---|

| Mailing Address of Debtor (if different from street address): *SAME*    ZIPCODE | Mailing Address of Joint Debtor (if different from street address): *SAME*    ZIPCODE |
|---|---|

| Location of Principal Assets of Business Debtor (if different from street address above): *NOT APPLICABLE*    ZIPCODE |
|---|

**Type of Debtor** (Form of organization) (Check **one** box.)

- [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (if debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business** (Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [x] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- [ ] Debts are primarily business debts.

### Chapter 15 Debtors

Country of debtor's center of main interests: _____

Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____

### Tax-Exempt Entity

(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter 11 Debtors:**

**Check one box:**
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000 .

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

- [ ] Full Filing Fee attached
- [x] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Offi cial Form 3B.

---

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

B1 (Official Form 1) (12/11)                                                                                          FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>*DARRELL LEE BYRD and*<br>*VICKY SUE BYRD* |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years**     (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:<br>*NONE* | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**     (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>*NONE* | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).<br>X  */s/ John P. Simpson*                              *10/23/2012*<br>    Signature of Attorney for Debtor(s)                    Date |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and exhibit C is attached and made a part of this petition.<br>☒ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☒ Exhibit D, completed and signed by the debtor, is attached and made part of this petition.<br>If this is a joint petition:<br>☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br>☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1) (12/11)                                                                                           FORM B1, Page    3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **DARRELL LEE BYRD and** **VICKY SUE BYRD** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** ___/s/ DARRELL LEE BYRD_____<br> Signature of Debtor<br><br>**X** ___/s/ VICKY SUE BYRD_____<br> Signature of Joint Debtor<br><br>_____<br> Telephone Number (if not represented by attorney)<br><br>_10/23/2012_____<br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br> (Signature of Foreign Representative)<br><br>_____<br> (Printed name of Foreign Representative)<br><br>_____<br> (Date) |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| **X** ___/s/ John P. Simpson_____<br> Signature of Attorney for Debtor(s)<br><br>_John P. Simpson 4006_____<br> Printed Name of Attorney for Debtor(s)<br><br>_ERWIN & SIMPSON, P.L.L.C._____<br> Firm Name<br><br>_825 Gum Branch Road_____<br> Address<br><br>_Suite 115_____<br><br>_Jacksonville, NC  28540_____<br><br>_910-347-7755_____<br> Telephone Number<br><br>_10/23/2012_____<br> Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110 (h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br> Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br> Address<br><br>X _____<br>_____<br> Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** _____<br> Signature of Authorized Individual<br><br>_____<br> Printed Name of Authorized Individual<br><br>_____<br> Title of Authorized Individual<br><br>_____<br> Date | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

In re *DARRELL LEE BYRD*
  *and*
*VICKY SUE BYRD*

Case No.
Chapter  *13*

_____
                    Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days  **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days  **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.  *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

  **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit briefing.**

    ☐    4.  I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

            ☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

            ☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

            ☐    Active military duty in a military combat zone.

    ☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   */s/ VICKY SUE BYRD*

Date:   *10/23/2012*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

In re *DARRELL LEE BYRD*                                       Case No.
    *and*                                                                          (if known)
    *VICKY SUE BYRD*
_____
                        Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

    **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐   4.  I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

   ☐   Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐   Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐   Active military duty in a military combat zone.

☐   5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

   Signature of Debtor:    */s/ DARRELL LEE BYRD*

   Date:    *10/23/2012*

B22C (Official Form 22C) (Chapter 13) (12/10)

In re   DARRELL and VICKY BYRD
_____
                    Debtor(s)

Case number: _____
                    (If known)

| According to the calculations required by this statement: |
|---|
| ☒ **The applicable commitment period is 3 years.** |
| ☐ **The applicable commitment period is 5 years.** |
| ☐ **Disposable income is determined under § 1325(b)(3).** |
| ☒ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☒ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for lines 2-10.** | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six month total by six, and enter the result on the appropriate line. | | **Column A<br>Debtor's<br>Income** | **Column B<br>Spouse's<br>Income** |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $0.00 | $4,875.00 |
| 3 | **Income from the operation of a business, profession, or farm.**    Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
| | | a. | Gross receipts | $3,586.18 |
| | | b. | Ordinary and necessary business expenses | $3,038.30 |
| | | c. | Business income | Subtract Line b from Line a |
| | (Line 3 totals) | | $547.88 | $0.00 |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.    **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | |
| | | a. | Gross receipts | $0.00 |
| | | b. | Ordinary and necessary operating expenses | $0.00 |
| | | c. | Rent and other real property income | Subtract Line b from Line a |
| | (Line 4 totals) | | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | | $0.00 | $0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | | $0.00 | $0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor _$0.00_____ | Spouse _$0.00_____ | |
| | (Line 8 totals) | | $0.00 | $0.00 |

**DARRELL LEE BYRD**
**VICKY SUE BYRD**, Debtors

Itemized business expenses (averaged over six months)

| | |
|---|---|
| Gasoline | 230.00 |
| Labor | 541.57 |
| Tools, Materials, Supplies | 1,898.61 |
| Trash | 9.17 |
| Equipment purchase | 8.38 |
| Office Supplies | 50.00 |
| CPA | 35.00 |
| Bank Fee | 5.00 |
| Repairs | 260.57 |
| | 3,038.30 |

B22C (Official Form 22C) (Chapter 13) (12/10)   - Cont.                                                                                           2

| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include** alimony or separate maintenance payments **paid by your spouse, but include all other payments of alimony or separate maintenance.** **Do not include** any benefits received under the Social Security Act or payments received as a victim of a against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | a. | | 0 |
| | b. | | 0 |
| | | $0.00 | $0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $547.88 | $4,875.00 |
| 11 | **Total.** If column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $5,422.88 |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $5,422.88 |
|---|---|---|
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a.  $0.00  <br> b.  $0.00  <br> c.  $0.00 | $0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $5,422.88 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $65,074.56 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence:   NORTH CAROLINA   b. Enter debtor's household size:   4 | $67,089.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br> ☒ **The amount on Line 15 is less than the amount on Line 16.**   Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br> ☐ **The amount on Line 15 is not less than the amount on Line 16.**   Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $5,422.88 |
|---|---|---|
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify, in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a.  $0.00  <br> b.  $0.00  <br> c.  $0.00 | $0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $5,422.88 |

B22C (Official Form 22C) (Chapter 13) (12/10)     - Cont.                                                    3

| 21 | **Annualized current monthly income for § 1325(b)(3).**   Multiply the amount from Line 20 by the number 12 and enter the result. | $65,074.56 |
|----|----|----|
| 22 | **Applicable median family income.**   Enter the amount from Line 16. | $67,089.00 |

| 23 | **Application of § 1325(b)(3).**   Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.**   Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☒ **The amount on Line 21 is not more than the amount on Line 22.**   Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |
|----|----|

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 24B | **National Standards: health care.**   Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |
|----|----|----|

| | Household members under 65 years of age | | Household members 65 years of age or older | | |
|----|----|----|----|----|----|
| a1. | Allowance per member | | a2. | Allowance per member | |
| b1. | Number of members | | b2. | Number of members | |
| c1. | Subtotal | | c2. | Subtotal | $ |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.**   Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**   Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.   **Do not enter an amount less than zero.** | |
|----|----|----|

| | a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ | |
|----|----|----|----|----|
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | **Local Standards: housing and utilities; adjustment.**   If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|----|----|----|

B22C (Official Form 22C) (Chapter 13) (12/10)       - Cont.                                                     4

| | |
|---|---|
| **27A** | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☒ 0 ☐ 1 ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at      www.usdoj.gov/ust/ or from the clerk of the bankruptcy |
| | $ |
| **27B** | **Local Standards: transportation; additional public transportation expense.**<br>If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at      www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) |
| | $ |

| | |
|---|---|
| **28** | **Local Standards: transportation ownership/lease expense; Vehicle 1.**    Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at    www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a Line 28. **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by<br>Vehicle 1, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

$

| | |
|---|---|
| **29** | **Local Standards: transportation ownership/lease expense; Vehicle 2.**    Complete this Line only if you checked the "2 or more" Box in Line 28.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at    www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a Line 29. **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by<br>Vehicle 2, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

$

| | |
|---|---|
| **30** | **Other Necessary Expenses: taxes.**   Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes.    **Do not include real estate or sales taxes.** |
| | $ |
| **31** | **Other Necessary Expenses: involuntary deductions for employment.**    Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** |
| | $ |
| **32** | **Other Necessary Expenses: life insurance.**   Enter total average monthly premiums that you actually pay for term life insurance for yourself.   **Do not include premiums for insurance on your dependents, for whole life, or for any other form of insurance.** |
| | $ |
| **33** | **Other Necessary Expenses: court-ordered payments.**   Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** |
| | $ |
| **34** | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**   Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. |
| | |
| **35** | **Other Necessary Expenses: childcare.**   Enter the total average monthly amount that you actually expend on childcare -- such as baby-sitting, day care, nursery and preschool.    **Do not include other educational payments.** |
| | $ |

B22C (Official Form 22C) (Chapter 13) (12/10)      - Cont.                                                                    5

| 36 | **Other Necessary Expenses: health care.**   Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance listed or health savings accounts listed in Line 39.** | $ |
| 37 | **Other Necessary Expenses: telecommunication services.**   Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health that of your dependents.   **Do not include any amount previously deducted.** | $ |
| 38 | **Total Expenses Allowed under IRS Standards.**   Enter the total of Lines 24 through 37. | $ |

## Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**   List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. |||| $ |
|  | a. | Health Insurance | $ | | |
|  | b. | Disability Insurance | $ | | |
|  | c. | Health Savings Account | $ | | |
|  | Total and enter on Line 39 ||||  |
|  | **If you do not actually expend this total amount,**   state your actual total average monthly expenditures in the space below: <br><br> $ _____ ||||  |

| 40 | **Continued contributions to the care of household or family members.**   Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.   **Do not include payments listed in Line 34.** | $ |
| 41 | **Protection against family violence.**   Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.**   Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.**   Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age.   **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 44 | **Additional food and clothing expense.**   Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.)   **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 45 | **Charitable contributions.**   Enter the amount reasonably necessary for you to expend each  month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2).  **Do not include any amount in excess of 15% of your gross monthly income.** | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).**   Enter the total of Lines 39 through 45. | $ |

## Subpart C: Deductions for Debt Payment

B22C (Official Form 22C) (Chapter 13) (12/10)      - Cont.                                                                                    6

| | | | | |
|---|---|---|---|---|
| 47 | **Future payments on secured claims.**   For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly | | | |

| | Name of Creditor | Property Securing the Debt | Average Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ Yes    ☐ No |
| b. | | | $ | ☐ Yes    ☐ No |
| c. | | | $ | ☐ Yes    ☐ No |
| d. | | | $ | ☐ Yes    ☐ No |
| e. | | | $ | ☐ Yes    ☐ No |
| | | | Total: Add Lines a - e | |

$

| | |
|---|---|
| 48 | **Other payments on secured claims.**   If any of the debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| d. | | | $ |
| e. | | | $ |
| | | | Total: Add Lines a - e |

$

| | | |
|---|---|---|
| 49 | **Payments on prepetition priority claims.**   Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |

| | | | |
|---|---|---|---|
| 50 | **Chapter 13 administrative expenses.**   Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
| | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

$

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.**   Enter the total of Lines 47 through 50. | $ |

### Subpart D: Total Deductions from Income

| | | |
|---|---|---|
| 52 | **Total of all deductions from income.**   Enter the total of Lines 38, 46, and 51. | $ |

### Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| | | |
|---|---|---|
| 53 | **Total current monthly income.**   Enter the amount from Line 20. | $ |
| 54 | **Support income.**   Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.**   Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).**   Enter the amount from Line 52. | |

B22C (Official Form 22C) (Chapter 13) (12/10)       - Cont.                                                                7

| 57 | **Deduction for special circumstances.**  If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and** | |
|---|---|---|

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $0.00 |
| b. | | $0.00 |
| c. | | $0.00 |
| | | Total: Add Lines a, b, and c |

$0.00

| 58 | **Total adjustments to determine disposable income.**    Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).**    Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.**  List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b, and c | $ |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct.          *(If this a joint case, both debtors must sign.)*<br>Date:  10/23/2012                    Signature:  */s/ DARRELL LEE BYRD*<br>                                                              (Debtor)<br>Date:  10/23/2012                    Signature:  */s/ VICKY SUE BYRD*<br>                                                              (Joint Debtor, if any ) |
|---|---|

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

In re: *DARRELL LEE BYRD*
　　*dba Creative Images*
　　*and*
　　*VICKY SUE BYRD*

Case No.

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None ☐　State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT　　　　　　　　　　　SOURCE

Year to date:　30,354.18　　*Regular Salary for wife*
　Last Year:　68,095.00
Year before:　80,128.00

---

Year to date:　40,465.58　　*Gross income for business*
　Last Year:　62,221.00
Year before:　57,722.00

---

### 2. Income other than from employment or operation of business

None ☐　State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and

a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **Year to date: 1,022.00** | **Unemployment** |
| **Last Year: 0.00** | |
| **Year before: 0.00** | |

---

### 3. Payments to creditors

None ☒

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☒

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None ☒

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **In the matter of the foreclosure of Darrell and Vicky Byrd by the mortgageholder, Chase; Case # 12-SP-?** | **Foreclosure** | **Special Proceedings, Onslow County Clerk of Superior Court, Jacksonville, NC** | **Pending** |

---

None ☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

Statement of Affairs - Page 2

## 5. Repossessions, foreclosures and returns

None

☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None

☒

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None

☐

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| *Name:  First Baptist Church*<br>*Addresss:  100 Rand Street, Richlands, NC* | *Church* | *monthly* | *Description:  tithe*<br>*Value:  $240.00 monthly* |

## 8. Losses

None

☒

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: John P. Simpson*<br>*Address:*<br>*825 Gum Branch Road*<br>*Suite 115*<br>*Jacksonville, NC 28540* | *Date of Payment:*<br>*Payor: DARRELL LEE BYRD* | *$100.00* |
| *Payee:  Hummingbird Credit Counseling*<br>*Address:  Raleigh, NC* | *Date of Payment:*<br>*Payor:  Darrell Byrd* | *$34.00* |

**10. Other transfers**

None ☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

**11. Closed financial accounts**

None ☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☒

List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☐

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| *Debtor:*<br>*Address:  215 Chapel Ridge Road, Richlands, NC* | *Name(s):  Darrell and Vicky Byrd* | *2/2001 to 9/2005* |

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

None ☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☐

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses     in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses     in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| *Creative Images* | ID: 1204 | *132 Kemberly Court, Jacksonville, NC* | *sign maker* | *2/1/05 - present* |

None ☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.   A debtor who has not been in business within those six years should go directly to the signature page.)

---

**19. Books, records and financial statements**

None  a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of
☐    books of account and records of the debtor.

NAME AND ADDRESS                                                           DATES SERVICES RENDERED

*Name:   Ben Barnes, CPA*                                                 *Dates:   2011 -*
*Address:   1004 Hwy 210, Sneads Ferry, NC 28460*                         *present*

---

None  b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records,
☒    or prepared a financial statement of the debtor.

---

None  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If
☐    any of the books of account and records are not available, explain.

NAME                                          ADDRESS

*Name:  Darrell Byrd*                         *132 Kemberly Court, Jacksonville, NC 28540*
*Missing:   none*

---

None  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor
☒    within two years immediately preceding the commencement of this case.

---

**20. Inventories**

None  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar
☒    amount and basis of each inventory.

---

None  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.
☒

## 21. Current Partners, Officers, Directors and Shareholders

None ☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☒    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

## 22. Former partners, officers, directors and shareholders

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☒    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

## 23. Withdrawals from a partnership or distribution by a corporation

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

## 24. Tax Consolidation Group.

None ☒    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceeding the commencement of the case.

## 25. Pension Funds.

None ☒    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _10/23/2012_      Signature  _/s/ DARRELL LEE BYRD_
                       of Debtor


Date _10/23/2012_      Signature  _/s/ VICKY SUE BYRD_
                       of Joint Debtor
                       (if any)

FORM B6A (Official Form 6A) (12/07)

In re <u>DARRELL LEE BYRD and VICKY SUE BYRD</u>,                    Case No._____
                        Debtor(s)                                                                    (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *Single Family Dwelling - located at 132 Kemberly Court, Jacksonville, NC 28540; Onslow County Tax Value $192,320.00* | tenancy by entirety | J | $192,320.00 | $192,320.00 |
| | | | **TOTAL $** | |

No continuation sheets attached

**TOTAL $**    *192,320.00*
**(Report also on Summary of Schedules.)**

**B6B (Official Form 6B) (12/07)**

In re _DARRELL LEE BYRD and VICKY SUE BYRD_ ,      Case No. _____
            Debtor(s)                                     (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current<br>Value<br>of Debtor's Interest,<br>in Property Without<br>Deducting any<br>Secured Claim or<br>Exemption |
|---|---|---|---|---|---|
| 1.  Cash on hand. | X | | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | _Checking/Savings_<br>_Location: PNC Bank_ | | J | $0.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | _Appliances, Pots, Pans, Dishes_<br>_Location: In debtor's possession_ | | J | $640.00 |
| | | _Bedroom Furniture_<br>_Location: In debtor's possession_ | | J | $700.00 |
| | | _Computers_<br>_Location: In debtor's possession_ | | J | $175.00 |
| | | _Diningroom Furniture_<br>_Location: In debtor's possession_ | | J | $225.00 |
| | | _Dryer_<br>_Location: In debtor's possession_ | | J | $100.00 |
| | | _DVD Player_<br>_Location: In debtor's possession_ | | J | $30.00 |

Page ___1___ of ___5___

B6B (Official Form 6B) (12/07)

In re <u>DARRELL LEE BYRD and VICKY SUE BYRD</u>                    ,        Case No. _____
                              Debtor(s)                                                        (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Lawn Mowers<br>Location: In debtor's possession | J | $225.00 |
| | | Livingroom/Den Furniture<br>Location: In debtor's possession | J | $655.00 |
| | | Paino<br>Location: In debtor's possession | J | $120.00 |
| | | Recreation Equipment<br>Location: In debtor's possession | J | $535.00 |
| | | Refrigerator<br>Location: In debtor's possession | J | $200.00 |
| | | Stove<br>Location: In debtor's possession | J | $175.00 |
| | | Telvisions<br>Location: In debtor's possession | J | $150.00 |
| | | Washing Machine<br>Location: In debtor's possession | J | $100.00 |
| | | Yard Tools<br>Location: In debtor's possession | J | $60.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing & accessories<br>Location: In debtor's possession | J | $300.00 |

Page __2__ of __5__

B6B (Official Form 6B) (12/07)

In re DARRELL LEE BYRD and VICKY SUE BYRD                    ,    Case No. _____
          Debtor(s)                                                                      (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 7. Furs and jewelry. | | Jewelry<br>Location: In debtor's possession | J | $500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Life Insurance Policy - husband is owner/insured; wife in beneficiary - term life<br>Location: Protective Life | H | $0.00 |
| | | Life Insurance Policy - Wife is owner insured; Husband is beneficiary; whole life policy<br>Location: Liberty National | W | $6,140.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | IRA<br>Location: American Funds | W | $1,314.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B6B (Official Form 6B) (12/07)

In re <u>DARRELL LEE BYRD and VICKY SUE BYRD</u>,      Case No. _____

Debtor(s)                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | *2005 Chevrolet Trailblazer; VIN # 1GNDS135252279694; over 105,000 miles Location: In debtor's possession* | J | $8,725.00 |
| | | *2006 Toyota Camary; VIN # 4T1BE32K066748920; over 100,000.00 miles Location: In debtor's possession* | W | $10,850.00 |
| | | *2011 Utility Trailer Location: In debtor's possession* | H | $350.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | *Office Furniture, Supplies, etc. Location: In debtor's possession* | J | $1,000.00 |
| 29. Machinery, fixtures, equipment and supplies used in business. | | *Buisness Equipment Location: In debtor's possession* | H | $2,500.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Page __4__ of __5__

B6B (Official Form 6B) (12/07)

In re **DARRELL LEE BYRD and VICKY SUE BYRD**                    ,                    Case No. _____
                                   Debtor(s)                                                                                          (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **Total ➤** | $35,769.00 |

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
__EASTERN__ DIVISION

IN THE MATTER OF:                                                          CASE NUMBER:

    DARRELL LEE BYRD
    VICKY SUE BYRD
        Debtor(s)

SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

    I, ____DARRELL LEE BYRD_____, claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the
State of North Carolina, and nonbankruptcy Federal law: **(Attach additional sheets if necessary)**.

    1. NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT
(The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the
property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant
with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the
former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| None | | | | | | |

Debtor's Age: _____
Name of former co-owner: _____

**VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1):  $       0.00**

    2. NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500.)

| Model, Year Style of Auto | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| 2005 Chevrolet Trailblazer | 8,725.00 | J | Ally/GMAC | 1,757.10 | 6,967.90 | 3,500.00 |

**VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO  NCGS 1C-1601(a)(3):   $ 3,500.00**

SENTIMENTAL VALUE (*Constitutes Official X, Section 1C-1601(4): SENTIMENTAL VALUE which in the aggregate value of $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents). The number of dependents for exemption purposes is _____1_____.

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| Clothing & personal | 150.00 | J | None | None | 150.00 | 150.00 |
| Kitchen appliances | 320.00 | J | None | None | 320..00 | 320..00 |
| Stove | 87.50 | J | None | None | 87.50 | 87.50 |
| Refrigerator | 100.00 | J | None | None | 100.00 | 100.00 |
| Freezer | | | | | | |
| Washing machine | | | | | | |
| Dryer | 50.00 | J | None | None | 50.00 | 50.00 |
| China | | | | | | |
| Silver | | | | | | |
| Jewelry | 250.00 | J | None | None | 250.00 | 250.00 |
| Living room furniture | 327.50 | J | None | None | 327.50 | 327.50 |
| Den furniture | | | | | | |
| Bedroom furniture | 350.00 | J | None | None | 350.00 | 350.00 |
| Dining room furniture | 112.50 | J | None | None | 112.50 | 112.50 |
| Television | | | | | | |
| ()Stereo (X)VCR/DVD | 15.00 | J | None | None | 15.00 | 15.00 |
| ()Radio ()Video Camera | | | | | | |
| Musical Instruments | 60.00 | J | None | None | 60.00 | 60.00 |
| ()Piano ()Organ | | | | | | |
| Air conditioner | | | | | | |
| Paintings/Art | | | | | | |
| Lawn mower | 112.50 | J | None | None | 112.50 | 112.50 |
| Yard tools | 30.00 | J | None | None | 30.00 | 30.00 |
| Crops | | | | | | |
| Recreational Equipment | 267.50 | J | None | None | 267.50 | 267.50 |
| (X)Computer | 87.50 | J | None | None | 87.50 | 87.50 |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4) : $     1,762.50**

4.  NCGS 1C-1601(a)(5) TRADE OR BUSINESS TOOLS (Debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
| Equipment | 2,500.00 | H | None | None | None | 2,000.00 |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS-1C-1601(a)(5):   $     2,000.00**

5.  NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5)

| Description | Insured | Last Four Digits of Policy Number | Beneficiary (if child, initials only) | Cash Value |
|---|---|---|---|---|
| Protective Life | Darrell Byrd | | Vicky Byrd | 0.00 - term life |

6.  NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
|---|
| |

7.  NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description | Source of Compensation, Including Name (If child, initials only)  & Last Four Digits of Account Number of any Disability Policy/Annuity |
|---|---|
| | |

8.  NCGS 1C-1601(a)(2) ANY PROPERTY [Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)].

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
| Overage from NCGS 1C-1601(a)(3) Mtr Vehicle | 3,467.90 | J | None | None | 3,467.90 | 3,467.90 |
| 2011 Utility Trailer | 350.00 | H | None | None | 350.00 | 350.00 |
| Office Supplies, Furniture, etc. | 1,000.00 | H | None | None | 1,000.00 | 1,000.00 |
| Misc. household goods and personal items, tax refunds, monies in checking/savings account, etc. | 182.10 | J | None | None | 182.10 | 182.10 |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS  1C-1601(a)(2) :   $     5,000.00**

9.  NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account | Location of Account | Last Four Digits of Account Number |
|---|---|---|

10. NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan | Last Four Digits of Account Number | Value | Initials of Child Beneficiary |
|---|---|---|---|
| | | | |

11. NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan | State Governmental Unit | Last Four Digits of Identifying Number |
|---|---|---|
| | | |

12. NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support | Amount | Location of Funds |
|---|---|---|
| | | |

13. TENANCY BY THE ENTIRETY.  The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| | | | | |

VALUE CLAIMED AS EXEMPT:    $          .00

14. NORTH CAROLINA PENSION FUND EXEMPTIONS

| | | |
|---|---|---|
| a. | North Carolina Local Government Employees Retirement benefits NCGS 128-31 | |
| b. | North Carolina Teachers and State Employees Retirement benefits NCGS 135-9 | |
| c. | Firemen's Relief Fund pensions NCGS 58-86-90 | |
| d. | Fraternal Benefit Society benefits NCGS 58-24-85 | |
| e. | Benefits under the Supplemental Retirement Income Plan for teachers and state employees are exempt from levy, sale, and garnishment NCGS 135-95 | |
| f. | Benefits under the Supplemental Retirement Income Plan for state law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.30(g) | |

| a. | Aid to the Aged, Disabled and Families with Dependent Children NCGS 108A-36 | |
| b. | Aid to the Blind NCGS 111-18 | |
| c. | Yearly Allowance of Surviving Spouse NCGS 30-15 | |
| d. | Workers Compensation benefits NCGS 97-21 | |
| e. | Unemployment benefits, so long as not commingled and except for debts for necessities purchased while unemployed NCGS 96-17 | |
| f. | Group insurance proceeds NCGS 58-58-165 | |
| g. | Partnership property, except on a claim against the partnership NCGS 59-55 | |
| h. | Wages of debtor necessary for support of family NCGS 1-362 | 3,462.40 |
| i. | Benefits under the Separate Insurance Benefits Plan for state and local law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.60(h) | |
| j. | Vested benefits under the North Carolina Public Employee Deferred Compensation Plan are exempt from levy, sale, and garnishment NCGS 147-9.4 | |

16.  FEDERAL PENSION FUND EXEMPTIONS

| a. | Foreign Service Retirement and Disability Payments 22 U.S.C. § 4060 | |
| b. | Civil Service Retirement benefits  5 U.S.C. § 8346 | |
| c. | Railroad Retirement Act annuities and pensions  45  U.S.C. § 231m | |
| d. | Veterans benefits 38 U.S.C. § 5301 | |
| e. | Special pension paid to winners of Congressional Medal of Honor  38 U.S.C. § 1562 | |
| f. | Annuities payable for service in the General Accounting Office 31 U.S.C. 776 | |

17.  OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| a. | Social Security benefits  42 U.S.C. § 407 | |
| b. | Injury or death compensation payments from war risk hazards  42 U.S.C. § 1717 | |
| c. | Wages owing a master or seamen, except for support of a spouse and/or minor children  46 U.S.C. § 11109 | |
| d. | Longshoremen and Harbor Workers Compensation Act death and disability benefits 33 U.S.C. § 916 | |
| e. | Crop insurance proceeds 7 U.S.C. § 1509 | |
| f. | Public safety officers' death benefits 42 U.S.C. § 3796.  See subsection (g) | |
| g. | Railroad unemployment insurance 45 U.S.C. § 352.  See subsection (e) | |

18.  RECENT PURCHASES
     (a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
| --- | --- | --- | --- | --- |
| | | | | |

18. (b) any personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
| | |

19. The debtor's property is subject to the following claims:

a. Of the United States or its agencies as provided by federal law
b. Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds
c. Of a lien by a laborer for work done and performed for the person claiming the exemption. but only as to the specific property affected
d. Of a lien by a mechanic for work done on the premises, but only as to the specific property affected
e. For payment of obligations contracted for the purchase of specific real property affected.
f. For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods
g. For statutory liens, on the specific property affected, other than judicial liens
h. For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina
i. For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38
j. Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations)
k. Debts of a kind specified in 11 U.S.C. § 522(c)

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
| | | | | | |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
### TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I,   Darrell Lee Byrd   , declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of    6    sheets, and that they are true and correct to the best of my knowledge, information and belief.

Executed on:   10/23/2012

s/ Darrell Lee Byrd
Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
<u>     EASTERN    </u> DIVISION

IN THE MATTER OF:                                                                                    CASE NUMBER:

    DARRELL LEE BYRD
    VICKY SUE BYRD
        Debtor(s)

## SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

    I, <u>    VICKY SUE BYRD    </u>, claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law: **(Attach additional sheets if necessary)**.

    1. NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| None | | | | | | |

Debtor's Age: <u>              </u>
Name of former co-owner: <u>              </u>

           **VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1):  $      0.00**

    2. NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500).

| Model, Year Style of Auto | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| 2006 Toyota Camary | 10,850.00 | H | BB&T | 6,010.00 | 4,840.00 | 3,500.00 |

          **VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO  NCGS 1C-1601(a)(3):   $ 3,500.00**

NCGS 1C-1601(a)(4). Household goods (Official X. Section 1C-1601(a)(4) INDIVIDUAL or ENTITIES held primarily for personal, family or household use of the debtor or a dependent of the debtor whose aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents).  The number of dependents for exemption purposes is ___1___.

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| Clothing & personal | 150.00 | J | None | None | 150.00 | 150.00 |
| Kitchen appliances | 320.00 | J | None | None | 320..00 | 320..00 |
| Stove | 87.50 | J | None | None | 87.50 | 87.50 |
| Refrigerator | 100.00 | J | None | None | 100.00 | 100.00 |
| Freezer | | | | | | |
| Washing machine | | | | | | |
| Dryer | 50.00 | J | None | None | 50.00 | 50.00 |
| China | | | | | | |
| Silver | | | | | | |
| Jewelry | 250.00 | J | None | None | 250.00 | 250.00 |
| Living room furniture | 327.50 | J | None | None | 327.50 | 327.50 |
| Den furniture | | | | | | |
| Bedroom furniture | 350.00 | J | None | None | 350.00 | 350.00 |
| Dining room furniture | 112.50 | J | None | None | 112.50 | 112.50 |
| Television | | | | | | |
| ()Stereo (X)VCR/DVD | 15.00 | J | None | None | 15.00 | 15.00 |
| ()Radio ()Video Camera | | | | | | |
| Musical Instruments | 60.00 | J | None | None | 60.00 | 60.00 |
| ()Piano ()Organ | | | | | | |
| Air conditioner | | | | | | |
| Paintings/Art | | | | | | |
| Lawn mower | 112.50 | J | None | None | 112.50 | 112.50 |
| Yard tools | 30.00 | J | None | None | 30.00 | 30.00 |
| Crops | | | | | | |
| Recreational Equipment | 267.50 | J | None | None | 267.50 | 267.50 |
| (X)Computer | 87.50 | J | None | None | 87.50 | 87.50 |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4) :  $        1,762.50**

NCGS 1C-1601(a)(5) TRADE OF THE DEBTOR (aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS-1C-1601(a)(5):  $    0.00**

5.  NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5)

| Description | Insured | Last Four Digits of Policy Number | Beneficiary (if child, initials only) | Cash Value |
|---|---|---|---|---|
| Liberty National | Vicky  Byrd |  | Darrell Byrd | 6,140.00 |

6.  NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
|---|
|  |

7.  NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description | Source of Compensation, Including Name (If child, initials only)  & Last Four Digits of Account Number of any Disability Policy/Annuity |
|---|---|
|  |  |

8.  NCGS 1C-1601(a)(2) ANY PROPERTY [Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)].

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
| Overage from NCGS 1C-1601(a)(3) Mtr Vehicle | 1,340.00 | W | None | None | 1,340.00 | 1,340.00 |
| Misc. household goods and personal items, tax refunds, monies in checking/savings account, etc. | 3,660.00 | J | None | None | 3,660.00 | 3,660.00 |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS  1C-1601(a)(2) :  $    5,000.00**

9.  NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account | Location of Account | Last Four Digits of Account Number |
|---|---|---|
| IRA | American Funds |  |

10. NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan | Last Four Digits of Account Number | Value | Initials of Child Beneficiary |
|---|---|---|---|
|  |  |  |  |

11. NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan | State Governmental Unit | Last Four Digits of Identifying Number |
|---|---|---|
|  |  |  |

12. NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support | Amount | Location of Funds |
|---|---|---|
|  |  |  |

13. TENANCY BY THE ENTIRETY. The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
|  |  |  |  |  |

**VALUE CLAIMED AS EXEMPT:  $           .00**

14. NORTH CAROLINA PENSION FUND EXEMPTIONS

| | | |
|---|---|---|
| a. | North Carolina Local Government Employees Retirement benefits NCGS 128-31 | |
| b. | North Carolina Teachers and State Employees Retirement benefits NCGS 135-9 | |
| c. | Firemen's Relief Fund pensions NCGS 58-86-90 | |
| d. | Fraternal Benefit Society benefits NCGS 58-24-85 | |
| e. | Benefits under the Supplemental Retirement Income Plan for teachers and state employees are exempt from levy, sale, and garnishment NCGS 135-95 | |
| f. | Benefits under the Supplemental Retirement Income Plan for state law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.30(g) | |

| a. | Aid to the Aged, Disabled and Families with Dependent Children NCGS 108A-36 | |
|----|---|---|
| b. | Aid to the Blind NCGS 111-18 | |
| c. | Yearly Allowance of Surviving Spouse NCGS 30-15 | |
| d. | Workers Compensation benefits NCGS 97-21 | |
| e. | Unemployment benefits, so long as not commingled and except for debts for necessities purchased while unemployed NCGS 96-17 | |
| f. | Group insurance proceeds NCGS 58-58-165 | |
| g. | Partnership property, except on a claim against the partnership NCGS 59-55 | |
| h. | Wages of debtor necessary for support of family NCGS 1-362 | 4,875.00 |
| i. | Benefits under the Separate Insurance Benefits Plan for state and local law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.60(h) | |
| j. | Vested benefits under the North Carolina Public Employee Deferred Compensation Plan are exempt from levy, sale, and garnishment NCGS 147-9.4 | |

16.  FEDERAL PENSION FUND EXEMPTIONS

| a. | Foreign Service Retirement and Disability Payments 22 U.S.C. § 4060 | |
|----|---|---|
| b. | Civil Service Retirement benefits  5 U.S.C. § 8346 | |
| c. | Railroad Retirement Act annuities and pensions  45  U.S.C. § 231m | |
| d. | Veterans benefits 38 U.S.C. § 5301 | |
| e. | Special pension paid to winners of Congressional Medal of Honor  38 U.S.C. § 1562 | |
| f. | Annuities payable for service in the General Accounting Office 31 U.S.C. 776 | |

17.  OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| a. | Social Security benefits  42 U.S.C. § 407 | |
|----|---|---|
| b. | Injury or death compensation payments from war risk hazards  42 U.S.C. § 1717 | |
| c. | Wages owing a master or seamen, except for support of a spouse and/or minor children  46 U.S.C. § 11109 | |
| d. | Longshoremen and Harbor Workers Compensation Act death and disability benefits 33 U.S.C. § 916 | |
| e. | Crop insurance proceeds 7 U.S.C. § 1509 | |
| f. | Public safety officers' death benefits 42 U.S.C. § 3796.  See subsection (g) | |
| g. | Railroad unemployment insurance 45 U.S.C. § 352.  See subsection (e) | |

18.  RECENT PURCHASES
    (a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| | | | | |

property by using any personal property that, had the debtor retained it and not liquidated or converted it, is exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
|  |  |

19.  The debtor's property is subject to the following claims:

a.  Of the United States or its agencies as provided by federal law
b.  Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds
c.  Of a lien by a laborer for work done and performed for the person claiming the exemption. but only as to the specific property affected
d.  Of a lien by a mechanic for work done on the premises, but only as to the specific property affected
e.  For payment of obligations contracted for the purchase of specific real property affected.
f.  For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods
g.  For statutory liens, on the specific property affected, other than judicial liens
h.  For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina
i.  For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38
j.  Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations)
k.  Debts of a kind specified in 11 U.S.C. § 522(c)

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
### TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I,   Vicky Sue Byrd   , declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of    6    sheets, and that they are true and correct to the best of my knowledge, information and belief.


Executed on:   10/23/2012                                                     s/ Vicky Sue Byrd
                                                                                                        Debtor

B6D (Official Form 6D) (12/07)

In re _DARRELL LEE BYRD and VICKY SUE BYRD_____,        Case No. _____
        **Debtor(s)**                                                                                   **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *Creditor # : 1* *Ally/GMAC* *P.O. Box 380902* *Minneapolis MN 55438* | J | *Purchase Money Security* *2005 Chevrolet Trailblazer; pay in full inside plan*  Value: *$ 8,725.00* | | | | $ 1,757.10 | $ 0.00 |
| Account No:  *Representing:* *Ally/GMAC* | | *Ally Asset Recovery Center* *P.O. Box 78369* *Phoenix AZ 85062-8369*  Value: | | | | | |

_1_  continuation sheets attached

Subtotal $ (Total of this page) | $ 1,757.10 | $ 0.00

Total $ (Use only on last page) | | 

(Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

B6D (Official Form 6D) (12/07)    - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_____,    Case No._____
                                   **Debtor(s)**                                                      (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien<br><br>H--Husband<br>W--Wife<br>J--Joint<br>C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No:<br><br>*Creditor # : 2*<br>*BB&T*<br>*P.O. Box 580048*<br>*Charlotte NC 28258-0048* | W | *Purchase Money Security*<br><br>*2006 Toyota Camary; pay in full inside plan*<br><br>Value: *$ 10,850.00* | | | | $ 6,010.00 | $ 0.00 |
| Account No:<br><br>*Representing:*<br>*BB&T* | | *BB&T*<br>*Mr. Jack Hayes*<br>*P.O. Box 1847*<br>*Wilson NC 27894-1847*<br><br>Value: | | | | | |
| Account No:<br><br>*Creditor # : 3*<br>*Chase*<br>*P.O. Box 78420*<br>*Phoenix AZ 85062-8420* | J | *Mortgage*<br><br>*Single Family Dwelling; surrender*<br><br>Value: *$ 192,320.00* | | | | $ 254,082.49 | $ 61,762.49 |
| Account No:<br><br>*Representing:*<br>*Chase* | | *Brock & Scott, PLLC*<br>*Attorneys at Law*<br>*5431 Oleander Drive, Ste 200*<br>*Wilmington NC 28403*<br><br>Value: | | | | | |
| Account No:<br><br> | | <br><br>Value: | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors
Holding Secured Claims

| | | |
|---|---|---|
| **Subtotal $**<br>(Total of this page) | $ 260,092.49 | $ 61,762.49 |
| **Total $**<br>(Use only on last page) | $ 261,849.59 | $ 61,762.49 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re <u>DARRELL LEE BYRD and VICKY SUE BYRD</u>                   ,     Case No._____
                  **Debtor(s)**                                                                            (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re _DARRELL LEE BYRD and VICKY SUE BYRD_ ,   Case No._____

**Debtor(s)** *(if known)*

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: | | W | | | | | $ 1,461.32 |
| Creditor # : 1<br>Belk<br>Attn:  Bankruptcy Dept<br>P.O. Box 103104<br>Roswell GA 30076 | | | Credit Card | | | | |
| Account No: | | | | | | | |
| Representing:<br><br>Belk | | | Belk/GECRB<br>P.O. Box 530940<br>Atlanta GA 30353-9040 | | | | |
| Account No: | | | | | | | |
| Representing:<br><br>Belk | | | Leding Edge Recovery Sol<br>5440 N. Cumberland Ave<br>Suite 300<br>Chicago IL 60656-1490 | | | | |

_10_ continuation sheets attached

Subtotal $   $ 1,461.32

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re  _DARRELL LEE BYRD and VICKY SUE BYRD_____ ,     Case No. _____
                        **Debtor(s)**                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: _____<br>*Creditor # : 2*<br>*Capital One*<br>*Attn:  Bankruptcy Department*<br>*P.O. Box 30285*<br>*Salt Lake City UT 84130-0285* | | J | *Credit Card* | | | | $ 4,762.84 |
| Account No: _____<br>*Representing:*<br><br>*Capital One* | | | *United Recovery Systems*<br>*P.O. Box 722929*<br>*Houston TX 77272-2929* | | | | |
| Account No: _____<br>*Representing:*<br><br>*Capital One* | | | *Capital One Bank*<br>*P.O. Box 71083*<br>*Charlotte NC 28272-1083* | | | | |
| Account No: _____<br>*Creditor # : 3*<br>*Capital One*<br>*Attn:  Bankruptcy Department*<br>*P.O. Box 30285*<br>*Salt Lake City UT 84130-0285* | | H | *Credit Card* | | | | $ 1,588.16 |
| Account No: _____<br>*Representing:*<br><br>*Capital One* | | | *Aliance One Rec Mgmt*<br>*P.O. Box 3111*<br>*Southeastern PA 19398-3111* | | | | |

Sheet No.  _1_  of  _10_  continuation sheets attached to Schedule of                        **Subtotal $**       $ 6,351.00
Creditors Holding Unsecured Nonpriority Claims                                              **Total $**
                                                    (Use only on last page of the completed Schedule F. Report also on Summary of
                                                    Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re DARRELL LEE BYRD and VICKY SUE BYRD ,          Case No._____
**Debtor(s)**                                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **Account No:** Creditor # : 4 Capital One Attn: Bankruptcy Department P.O. Box 30285 Salt Lake City UT 84130-0285 | | W | Credit Card | | | | $ 4,888.37 |
| **Account No:** Representing: Capital One | | | Capital One Bank P.O. Box 71083 Charlotte NC 28272-1083 | | | | |
| **Account No:** Representing: Capital One | | | Northland Group, Inc. P.O. Box 390846 Minneapolis MN 55439 | | | | |
| **Account No:** Creditor # : 5 Carolina Psychological Health 1703 Country Club Road Suite 204 Jacksonville NC 28546 | | J | Medical Bill | | | | $ 1,107.02 |
| **Account No:** Representing: Carolina Psychological Health | | | Credit Financial Services Collection Serv Div P.O. Box 451 Durham NC 27702-0451 | | | | |

Sheet No.   2   of   10   continuation sheets attached to Schedule of          Subtotal $          $ 5,995.39
Creditors Holding Unsecured Nonpriority Claims                                        Total $
(Use only on last page of the completed Schedule F. Report on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_____ ,         Case No._____
                              **Debtor(s)**                                                           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> **Creditor # : 6** <br> Cato Credit <br> P.O. Box 34216 <br> Charlotte NC 28234-4216 | | W | Credit Card | | | | $ 88.68 |
| Account No: <br> **Representing:** <br> Cato Credit | | | Cato <br> Cedar Hill National Bank <br> P.O. Box 37902 <br> Charlotte NC 28237-7902 | | | | |
| Account No: <br> **Creditor # : 7** <br> Coastal Carolina Foot & Ankle <br> 612A McCarthy Blvd. <br> New Bern NC 28562-5231 | | W | Medical Bill | | | | $ 529.00 |
| Account No: <br> **Representing:** <br> Coastal Carolina Foot & Ankle | | | Online Collections <br> P.O. Box 1489 <br> Winterville NC 28590-1489 | | | | |
| Account No: <br> **Creditor # : 8** <br> Coastal Foot Center <br> 3221 Henderson Drive <br> Jacksonville NC 28546 | | H | Medical Bill | | | | $ 157.00 |

Sheet No. _3_ of _10_ continuation sheets attached to Schedule of                     **Subtotal $**    |    $ 774.68
Creditors Holding Unsecured Nonpriority Claims                                         **Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_ ,        Case No._____

           **Debtor(s)**                                                             **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br><br> *Representing:* <br><br> *Coastal Foot Center* | | | *Credit Financial Services, Inc* <br> *3800 Guess Road* <br> *Durham NC 27705-1506* | | | | |
| Account No: <br> *Creditor # : 9* <br> *Dr. M.A. Issa* <br> *224 Memorial Drive* <br> *Suite A* <br> *Jacksonville NC 28546* | H | | *Medical Bill* | | | | $ 126.57 |
| Account No: <br> *Creditor # : 10* <br> *Eastern Carolina Oral &* <br> *Maxillofacial Sug* <br> *46 Office Park Drive* <br> *Winterville NC 28590-1489* | J | | *Medical Bill* | | | | $ 99.43 |
| Account No: <br><br> *Representing:* <br><br> *Eastern Carolina Oral & Maxillofacial Sug* | | | *Online Collections* <br> *P.O. B ox 1489* <br> *Winterville NC 28590-1489* | | | | |
| Account No: <br> *Creditor # : 11* <br> *Farm Bureau - Duplin County Office* <br> *P.O. Box 1259* <br> *Beulaville NC 28518* | J | | *homeowners insurance* | | | | $ 25.00 |

Sheet No. __4__ of __10__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

               Subtotal $              $ 251.00

               Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)  - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_____ ,    Case No._____
　　　　　　　**Debtor(s)**　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: **Creditor # : 12** *Juniper Card Services/Barclay P.O. Box 13337 Philadelphia PA 19101-3337* | | W | *Credit Card* | | | | $ 5,221.66 |
| Account No: **Representing:** *Juniper Card Services/Barclay* | | | *Mercantile Adjustment Bureau P.O. Box 9016 Williamsville NY 14231-9016* | | | | |
| Account No: **Representing:** *Juniper Card Services/Barclay* | | | *Northstar Location Serv Attn:  Financial Service Dept 4285 Genesee Street Cheektowaga NY 14255-1943* | | | | |
| Account No: **Representing:** *Juniper Card Services/Barclay* | | | *Sessoms & Rogers, PA Attorneys at Law P.O. Box 52508 Durham NC 27717* | | | | |
| Account No: **Creditor # : 13** *Marine Federal Credit Union Attn:  Bankruptcy Department P.O. Box 1336 Jacksonville NC 28541-1336* | | J | *Credit Card* | | | | $ 3,920.04 |

Sheet No. __5__ of __10__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ 　　　$ 9,141.70

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_ ,          Case No. _____

Debtor(s)                                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:<br>**Representing:**<br>**Marine Federal Credit Union** | | | **Marine Federal Credit Union**<br>**P.O. Box 31279**<br>**Tampa FL 33631-3279** | | | | |
| Account No:<br>**Representing:**<br>**Marine Federal Credit Union** | | | **Marine Federal Credit Union**<br>**4180 Western Blvd.**<br>**Jacksonville NC 28546-6740** | | | | |
| Account No:<br>**Creditor # : 14**<br>**Modern Exterminating**<br>**627 College Street**<br>**Jacksonville NC 28540** | | **J** | **termite renewal** | | | | **$ 118.17** |
| Account No:<br>**Creditor # : 15**<br>**North Carolina Inpatient Med Assoc**<br>**P.O. Box 52007**<br>**Atlanta GA 30355-2007** | | **H** | **Medical Bill** | | | | **$ 267.00** |
| Account No:<br>**Creditor # : 16**<br>**Onslow County Clerk of Court**<br>**625 Court Street**<br>**Jacksonville NC 28540** | | **W** | **Restitution**<br>**$90.00 per month for restitution** | | | | **Unknown** |

Sheet No. __6__ of __10__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $          **$ 385.17**

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)  - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_____ ,        Case No._____
                **Debtor(s)**                                                                  (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: | | H | | | | | $ 361.77 |
| Creditor # : 17 Onslow Memorial Hospital P.O. Box 75107 Charlotte NC 28275 | | | Medical Bill | | | | |
| Account No: | | | First Point Collection Res P.O. Box 26140 Greensboro NC 27402 | | | | |
| Representing: Onslow Memorial Hospital | | | | | | | |
| Account No: | | W | | | | | $ 1,583.12 |
| Creditor # : 18 Onslow Memorial Hospital P.O. Box 75107 Charlotte NC 28275 | | | Medical Bill | | | | |
| Account No: | | | First Point Collections Res P.O. Box 26140 Greensboro NC 27402-6140 | | | | |
| Representing: Onslow Memorial Hospital | | | | | | | |
| Account No: | | W | | | | | $ 472.03 |
| Creditor # : 19 Onslow Memorial Hospital P.O. Box 75107 Charlotte NC 28275 | | | Medical Bill | | | | |

Sheet No. __7__ of __10__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $         $ 2,416.92

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_ ,                    Case No. _____
                    **Debtor(s)**                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: Representing: Onslow Memorial Hospital | | | First Point Collection Res P.O. Box 26140 Greensboro NC 27402 | | | | |
| Account No: Creditor # : 20 Onslow Memorial Hospital P.O. Box 75107 Charlotte NC 28275 | | H | Medical Bill | | | | $ 1,575.71 |
| Account No: Representing: Onslow Memorial Hospital | | | First Point Collection Res P.O. Box 26140 Greensboro NC 27402 | | | | |
| Account No: Creditor # : 21 Onslow Memorial Hospital P.O. Box 75107 Charlotte NC 28275 | | H | Medical Bill | | | | $ 51.48 |
| Account No: Creditor # : 22 Onslow Memorial Hospital P.O. Box 75107 Charlotte NC 28275 | | H | Medical Bill | | | | $ 488.80 |

Sheet No. _8_ of _10_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $                $ 2,115.99

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re DARRELL LEE BYRD and VICKY SUE BYRD _____ ,    Case No. _____
                    **Debtor(s)**                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br><br> Representing: <br><br> Onslow Memorial Hospital | | | First Point Collection Res <br> P.O. Box 26140 <br> Greensboro NC 27402 | | | | |
| Account No: <br> Creditor # : 23 <br> Seacoastt Cardiology Consultants <br> 29 Office Park Drive <br> Jacksonville NC 28546 | | H | Medical Bill | | | | $ 44.21 |
| Account No: <br> Creditor # : 24 <br> Straightline Medical <br> 8115 Market Street <br> Suite 300 <br> Wilmington NC 28401 | | W | Medical Bill | | | | $ 184.00 |
| Account No: <br><br> Representing: <br><br> Straightline Medical | | | Straighline Med-Med Care NC <br> 5245 South College Road <br> Wilmington NC 28412 | | | | |
| Account No: <br><br> Representing: <br><br> Straightline Medical | | | First Point Collection Res <br> P.O. Box 26140 <br> Greensboro NC 27402 | | | | |

Sheet No. 9 of 10 continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     $ 228.21

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _DARRELL LEE BYRD and VICKY SUE BYRD_____ ,   Case No._____
                  **Debtor(s)**                                             **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: *Creditor # : 25* *WFNNB - Goody's Family Clothing* *P.O. Box 659704* *San Antonio TX 78265-9704* | | W | *Credit Card* | | | | $ 738.08 |
| Account No: *Representing:* *WFNNB - Goody's Family Clothing* | | | World Financial Network Bank P.O. Box 182125 Columbus OH 43218-2125 | | | | |
| Account No: *Creditor # : 26* *Womens Healthcare Assoc.* *245 Memorial Drive* *Jacksonville NC 28546-6333* | | W | *Medical Bill* | | | | $ 312.03 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. _10_ of ____10__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                        **Subtotal $**      $ 1,050.11

                                        **Total $**      $ 30,171.49

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

In re *DARRELL LEE BYRD and VICKY SUE BYRD* _____ / Debtor    Case No. _____

(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| *Modern Exterminating*<br>*627 College Street*<br>*Jacksonville NC  28540* | Contract Type: *Service contract*<br>Terms:<br>Beginning date:<br>Debtor's Interest:<br>Description: *Termite contract*<br><br>Buyout Option: *REJECT* |

<u>CERTIFICATE OF SERVICE</u>

I, JOHN P. SIMPSON, of ERWIN & SIMPSON, P.L.L.C. certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on October ___24___, 2012, I served copies of the foregoing Schedule G - Executory Contracts and Unexpired Leases by depositing copies thereof in a depository under the exclusive care and custody of the United States Postal Service, postage prepaid, in an envelope addressed as follows:

> Modern Exterminating
> 627 College Street
> Jacksonville, NC 28540

I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___October___  __24__, 2012.

ERWIN & SIMPSON, P.L.L.C.

 s/ John P. Simpson
JOHN P. SIMPSON
Attorney for Debtor(s)
825 Gum Branch Road, Suite 115
Jacksonville, NC  28540
Telephone: (910) 347-7755
Facsimile:  (910) 346-5883

bank\certserv.reg(110195)p2

**B6H (Official Form 6H) (12/07)**

In re <u>DARRELL LEE BYRD and VICKY SUE BYRD</u>         / Debtor         Case No. _____

                                                                                    (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

B6I (Official Form 6I) (12/07)

In re **_DARRELL LEE BYRD_ and _VICKY SUE BYRD_** ,     Case No. _____
                        **Debtor(s)**                                        **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **_Married_** | RELATIONSHIP(S): <br> _Son_ <br> _Son - in college_ | | AGE(S): <br> _11_ <br> _19_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Sign-Maker_ | _Physical therapy assistant_ |
| Name of Employer | _Self Employed_ | _Cornerstone Therapy Services_ |
| How Long Employed | _5 years_ | _1 month_ |
| Address of Employer | _132 Kemberly Court_ <br> _Jacksonville NC  28540_ | _205 Jamestown Court_ <br> _Jacksonville NC  28546_ |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | _0.00_ | $ | _4,875.00_ |
| 2. Estimate monthly overtime | $ | _0.00_ | $ | _0.00_ |
| 3. SUBTOTAL | $ | _0.00_ | $ | _4,875.00_ |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | _0.00_ | $ | _877.50_ |
|     b. Insurance | $ | _0.00_ | $ | _0.00_ |
|     c. Union dues | $ | _0.00_ | $ | _0.00_ |
|     d. Other  (Specify): | $ | _0.00_ | $ | _0.00_ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | _0.00_ | $ | _877.50_ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | _0.00_ | $ | _3,997.50_ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | _3,462.40_ | $ | _0.00_ |
| 8. Income from real property | $ | _0.00_ | $ | _0.00_ |
| 9. Interest and dividends | $ | _0.00_ | $ | _0.00_ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | _0.00_ | $ | _0.00_ |
| 11. Social security or government assistance <br>     (Specify): | $ | _0.00_ | $ | _0.00_ |
| 12. Pension or retirement income | $ | _0.00_ | $ | _0.00_ |
| 13. Other monthly income <br>     (Specify): | $ | _0.00_ | $ | _0.00_ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | _3,462.40_ | $ | _0.00_ |
| 15. AVERAGE MONTHLY INCOME  (Add amounts shown on lines 6 and 14) | $ | _3,462.40_ | $ | _3,997.50_ |
| 16. COMBINED AVERAGE MONTHLY INCOME:  (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | **$     _7,459.90_** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    _The male debtor is self-employed and the female debtor's income is paid based on the number of sesssion she is given by her employer. The debtors do not anticipate in any increase or decrease in income unless it is due to changes in the economy._

In re *DARRELL LEE BYRD and VICKY SUE BYRD* _____ ,   **Case No.** _____

**Debtor(s)**   (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,125.00 |
|    a. Are real estate taxes included?  Yes ☐  No ☒ | | |
|    b. Is property insurance included?  Yes ☐  No ☒ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 225.00 |
|    b. Water and sewer | $ | 40.00 |
|    c. Telephone | $ | 0.00 |
|    d. Other  *cell phone and home phone* | $ | 255.00 |
|    Other  *garbage* | $ | 23.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 30.00 |
| 4. Food | $ | 700.00 |
| 5. Clothing | $ | 75.00 |
| 6. Laundry and dry cleaning | $ | 20.00 |
| 7. Medical and dental expenses | $ | 500.00 |
| 8. Transportation (not including car payments) | $ | 275.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 45.00 |
|    b. Life | $ | 98.00 |
|    c. Health | $ | 0.00 |
|    d. Auto | $ | 160.00 |
|    e. Other | $ | 0.00 |
|    Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
| (Specify)  *Vehicle Tax, License, inspect* | $ | 25.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 0.00 |
|    b. Other: | $ | 0.00 |
|    c. Other: | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 3,038.30 |
| 17. Other:  *Haircuts cosmetics pers. items* | $ | 50.00 |
|    Other:  *restitution payments* | $ | 130.00 |
|    Line 17 Continuation Page Total (see continuation page for itemization) | $ | 100.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ | 7,164.30 |
|    and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

*The debtors do not have medical insurance. They intend to obtain medical insurance in the future. The debtors do not anticipate any other increase or decrease in expenses.*

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---|
| a. Average monthly income from Line 16 of Schedule I | $ | 7,459.90 |
| b. Average monthly expenses from Line 18 above | $ | 7,164.30 |
| c. Monthly net income (a. minus b.) | $ | 295.60 |

B6J(Official Form 6J)(12/07)-Continuation Page

**In re** _DARRELL LEE BYRD and VICKY SUE BYRD_                                    ,        **Case No.** _____

**Debtor(s)**

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR
**(Continuation page)**

**17. (continuation) OTHER EXPENSES**

| _Son in college_ | $ | _100.00_ |
|---|---|---|
| **Line 17 Continuation Page Total (seen as line item "17" on Schedule J)** | $ | _100.00_ |

**DARRELL LEE BYRD**
**VICKY SUE BYRD**, Debtors

Itemized business expenses (averaged over six months)

| | |
|---|---|
| Gasoline | 230.00 |
| Labor | 541.57 |
| Tools, Materials, Supplies | 1,898.61 |
| Trash | 9.17 |
| Equipment purchase | 8.38 |
| Office Supplies | 50.00 |
| CPA | 35.00 |
| Bank Fee | 5.00 |
| Repairs | 260.57 |
| | 3,038.30 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

In re *DARRELL LEE BYRD and VICKY SUE BYRD*

Case No.
Chapter   *13*

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $         *192,320.00* | | |
| B-Personal Property | *Yes* | *5* | $          *35,769.00* | | |
| C-Property Claimed as Exempt | *Yes* | *2* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *2* | | $         *261,849.59* | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $               *0.00* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *11* | | $          *30,171.49* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $           *7,459.90* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *2* | | | $           *7,164.30* |
| TOTAL | | *27* | $         *228,089.00* | $         *292,021.08* | |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

In re *DARRELL LEE BYRD and VICKY SUE BYRD*

Case No. 

Chapter   *13*

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C  § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C.  § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 7,459.90 |
| Average Expenses (from Schedule J, Line 18) | $ 7,164.30 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ 5,422.88 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 61,762.49 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 30,171.49 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 91,933.98 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re *DARRELL LEE BYRD and VICKY SUE BYRD* _____    Case No. _____
                        Debtor                                                (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____28_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: *10/23/2012* _____    Signature */s/ DARRELL LEE BYRD* _____
                                                        *DARRELL LEE BYRD*

Date: *10/23/2012* _____    Signature */s/ VICKY SUE BYRD* _____
                                                        *VICKY SUE BYRD*

[If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

In re   *DARRELL LEE BYRD*                                    Case No.
        *dba Creative Images*                                Chapter *13*
            *and*
        *VICKY SUE BYRD*

_____ / Debtor

Attorney for Debtor:   *John P. Simpson*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in
      connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____*3,700.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $_____*100.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . $_____*3,600.00*

3. $_____*0.00*_____of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
      file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
      court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
   services performed, and
       *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
   be from earnings, wages and compensation for services performed, and
       *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
   the value stated:
       *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
   law firm, any compensation paid or to be paid except as follows:
       *None*


       *$40.00 paid by debtor for credit counseling*
       *$20.00 paid by debtor for cost of copies, e-filings, etc.*

Dated: *10/23/2012*                    Respectfully submitted,


                                    X */s/ John P. Simpson* _____
Attorney for Petitioner:*John P. Simpson*
                         *ERWIN & SIMPSON, P.L.L.C.*
                         *825 Gum Branch Road*
                         *Suite 115*
                         *Jacksonville NC  28540*
                         *910-347-7755*

ATTACHMENT TO RULE 2016
COMPENSATION OF ATTORNEYS IN CHAPTER 13 CASES
EFFECTIVE SEPTEMBER 1, 2012

     1.    AMOUNT OF STANDARD BASE FEE: The standard base fee in a Chapter 13 case is $3,700.00

     2.    NON-BASE FEE SERVICES DEFINED: The following services are not covered by the standard base fee, and additional compensation for these services may be awarded by the Court EFFECTIVE SEPTEMBER 1, 2012:

     (A)    Motion for authority to sell real property.
     (B)    Application to incur debt.
     (C)    Motion to extend or impose the automatic stay for repeat filers
     (D)    Prosecution or defense of adversary proceedings.
     (E)    Motion to value collateral and avoid mortgage
     (F)    Filing of formal motions or responses pertaining to three or more matters arising during the first year of the case, including but not limited to the services listed below in Presumptive Non-Base Fees.
     (G)    Any other service that, in the discretion of the court, reasonably warrants additional compensation.

     PRESUMPTIVE NON-BASE FEES: The following fees for non-base fee services are presumptively reasonable pursuant to the Eastern District of North Carolina Local Rules.

     Motion to extend or impose the automatic stay for repeat filers.  $400.00
     Motion to use interrogatories, and interrogatories. $150.00
     Motion for turnover. $400.00
     Motion to Avoid Lien. $450.00
     Motion to modify plan post-confirmation. $450.00
     Motion to substitute collateral. $400.00
     Motion for authority to sell property. $450.00
     Application to incur debt. $200.00
     Defense of motion for relief from stay and/or co-debtor stay. $500.00
     Handling of an insurance inquiry received more than twelve (12) months after the Chapter 13 case is filed. $100.00
     Motion to set aside dismissal. $350.00
     Defense of motion to dismiss. $250.00
     Motion for hardship discharge. $500.00
     Objection to claims. $150.00
     Notice to abandon property. $150.00
     Motion to value collateral avoid mortgage. $500.00
     Filing of proof of claim. $150.00
     Motion to deem mortgage current (to be paid directly by the debtor). $350.00
     Amendment to schedules or statement of financial affairs. $100.00
     Objection to confirmation. $350.00

COSTS APPLIED TO ALL:
     Alternatively, the debtor's attorney may apply to the Court for approval of non-base fees on a "time and expense" basis pursuant to Bankruptcy Rule 2016, 11 U.S.C. § 330.

     When the costs for copying and postage exceed $25.00, the actual amount, plus the presumptive fee, shall be reimbursed to counsel.

     The Trustee may, without application to the Court, modify the Chapter 13 plan to extend the duration of the plan and/or increase the monthly amount of the plan payment in order to provide the funds necessary to pay attorney fees.  The Trustee must notify the debtor and the debtor's attorney of the plan modification.

B 201 (04/09/06)

## UNITED STATES BANKRUPTCY COURT

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b) OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1.  Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years

or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of Attorney**
I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code

_____          _____
Printed name and title, if any, of Bankruptcy Petition Preparer          Date

Address:
_____

X_____
Signature of Attorney

**Certificate of the Debtor**
I (We), the debtor(s), affirm that I (we) have received and read this notice.

_____          X_____
Printed Name(s) of Debtor(s)          Signature of Debtor          Date

Case No. (if known) _____          X_____
Signature of Joint Debtor (if any)          Date

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

In re *DARRELL LEE BYRD*                                      Case No.
    *dba Creative Images*                              Chapter  *13*
    *and*
    *VICKY SUE BYRD*

_____/ Debtor

Attorney for Debtor:  *John P. Simpson*


## VERIFICATION OF CREDITOR MATRIX


      The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.


Date: *10/23/2012*_____             */s/ DARRELL LEE BYRD*_____
                                           Debtor

                                           */s/ VICKY SUE BYRD*_____
                                           Joint Debtor

Aliance One Rec Mgmt
P.O. Box 3111
Southeastern, PA  19398-311

Capital One Bank
P.O. Box 71083
Charlotte, NC  28272-1083

Dr. M.A. Issa
224 Memorial Drive
Suite A
Jacksonville, NC  28546

Ally Asset Recovery Center
P.O. Box 78369
Phoenix, AZ  85062-8369

Carolina Psychological Heal
1703 Country Club Road
Suite 204
Jacksonville, NC  28546

Eastern Carolina Oral & Max
46 Office Park Drive
Winterville, NC  28590-1489

Ally/GMAC
P.O. Box 380902
Minneapolis, MN  55438

Cato
Cedar Hill National Bank
P.O. Box 37902
Charlotte, NC  28237-7902

Farm Bureau - Duplin County
P.O. Box 1259
Beulaville, NC  28518

BB&T
Mr. Jack Hayes
P.O. Box 1847
Wilson, NC  27894-1847

Cato Credit
P.O. Box 34216
Charlotte, NC  28234-4216

First Point Collection Res
P.O. Box 26140
Greensboro, NC  27402

BB&T
P.O. Box 580048
Charlotte, NC  28258-0048

Chase
P.O. Box 78420
Phoenix, AZ  85062-8420

First Point Collections Res
P.O. Box 26140
Greensboro, NC  27402-6140

Belk
Attn:  Bankruptcy Dept
P.O. Box 103104
Roswell, GA  30076

Coastal Carolina Foot & Ank
612A McCarthy Blvd.
New Bern, NC  28562-5231

Juniper Card Services/Barcl
P.O. Box 13337
Philadelphia, PA  19101-333

Belk/GECRB
P.O. Box 530940
Atlanta, GA  30353-9040

Coastal Foot Center
3221 Henderson Drive
Jacksonville, NC  28546

Leding Edge Recovery Sol
5440 N. Cumberland Ave
Suite 300
Chicago, IL  60656-1490

Brock & Scott, PLLC
Attorneys at Law
5431 Oleander Drive, Ste 20
Wilmington, NC  28403

Credit Financial Services
Collection Serv Div
P.O. Box 451
Durham, NC  27702-0451

Marine Federal Credit Union
P.O. Box 31279
Tampa, FL  33631-3279

Capital One
Attn:  Bankruptcy Departmen
P.O. Box 30285
Salt Lake City, UT  84130-0

Credit Financial Services,
3800 Guess Road
Durham, NC  27705-1506

Marine Federal Credit Union
4180 Western Blvd.
Jacksonville, NC  28546-674

Marine Federal Credit Union
Attn:  Bankruptcy Department
P.O. Box 1336
Jacksonville, NC  28541-1336

Onslow Memorial Hospital
P.O. Box 75107
Charlotte, NC  28275

Mercantile Adjustment Bureau
P.O. Box 9016
Williamsville, NY  14231-9016

Seacoastt Cardiology Consul
29 Office Park Drive
Jacksonville, NC  28546

Modern Exterminating
627 College Street
Jacksonville, NC  28540

Sessoms & Rogers, PA
Attorneys at Law
P.O. Box 52508
Durham, NC  27717

North Carolina Inpatient Med
P.O. Box 52007
Atlanta, GA  30355-2007

Straighline Med-Med Care NC
5245 South College Road
Wilmington, NC  28412

Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN  55439

Straightline Medical
8115 Market Street
Suite 300
Wilmington, NC  28401

Northstar Location Serv
Attn:  Financial Service Dep
4285 Genesee Street
Cheektowaga, NY  14255-1943

United Recovery Systems
P.O. Box 722929
Houston, TX  77272-2929

Online Collections
P.O. Box 1489
Winterville, NC  28590-1489

WFNNB - Goody's Family Cloth
P.O. Box 659704
San Antonio, TX  78265-9704

Online Collections
P.O. B ox 1489
Winterville, NC  28590-1489

Womens Healthcare Assoc.
245 Memorial Drive
Jacksonville, NC  28546-633

Onslow County Clerk of Cour
625 Court Street
Jacksonville, NC  28540

World Financial Network Ban
P.O. Box 182125
Columbus, OH  43218-2125